IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THINA FAISON, ERNEST STRANGE, JR., EDITH JOHNSON, JAMES J. WALKER, PATRICE A. THOMPSON, and ELINOR PARKS,<br><br>  Plaintiffs,<br><br>   v.<br><br>FRIENDLY TRANSPORTATION, INC., et al.,<br><br>  Defendants._____/ | No. C 13-2646 CW<br><br>ORDER GRANTING MOTIONS TO DISMISS (Docket Nos. 11, 12) |

Plaintiffs Thina Faison, Ernest Strange, Edith Johnson, James Walker, Patrice Thompson, and Elinor Parks, proceeding pro se, bring this action against Defendants Friendly Transportation, Inc., Amalgamated Transit Union (ATU), Local 192, and Veolia Transportation Services, Inc.  Friendly and Veolia move to dismiss the complaint for failure to state a claim.  Plaintiffs have not filed an opposition.  After considering Defendants' submissions and Plaintiffs' complaint, the Court finds this matter suitable for decision without oral argument and now grants both motions.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint

does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). A pro se plaintiff is entitled to a liberal amendment policy. Eldridge v. Block, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

## DISCUSSION

Plaintiffs' complaint is poorly organized and contains few factual allegations. It begins by listing various duties that unions purportedly owe to their members under state and federal law but fails to allege that Plaintiffs themselves belong to any

2

union, let alone a union that has breached one of these duties. Docket No. 1, Compl. ¶¶ 1-2. The only allegations that the complaint contains regarding Plaintiffs' possible membership in a union are largely unintelligible. See, e.g., id. ¶ 2.b ("The situation of what all happened to us as of supposing to be in the union is overwhelming and the overview they know Deborah E. Johnson was the treasurer, who was assigned to this position to keep and maintain adequate records and send them to the international headquarters along with the names entered into enrollment from day one.").

Although the complaint names ATU, Local 192, as a Defendant, it does not describe any specific actions that the union actually took against Plaintiffs or any other person. Similarly, while Plaintiffs name Friendly and Veolia as Defendants, they have not alleged that they were employed by either company or that either company engaged in unlawful conduct. As such, Plaintiffs have failed to explain how -- or even if -- they have been injured by Defendants. Indeed, it remains unclear what Defendants are even alleged to have done here, other than participate in some unexplained "scheme to deceive staff." Id. ¶ 2.k.

Plaintiffs' complaint is therefore dismissed for failure to state a claim. Plaintiffs may amend their complaint if they can truthfully allege specific facts showing how and when they were harmed by each Defendant. The amended complaint must be sufficiently detailed and coherent to apprise each Defendant of the factual basis for Plaintiffs' claims against it. Finally, the amended complaint must clearly identify which claims Plaintiffs are asserting against which Defendants.

3

CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss (Docket Nos. 11, 12) are GRANTED.[1] Plaintiffs are granted leave to amend their complaint, as described above, within twenty-one days of this order. If they fail to do so, this action will be dismissed for failure to prosecute. Plaintiffs are encouraged to consult the Court's handbook for pro se litigants, available at http://www.cand.uscourts.gov/prosehandbook, before filing their amended complaint. They are also encouraged to consult the Legal Help Center, located inside the San Francisco federal courthouse at 450 Golden Gate Avenue, for advice. The Legal Help Center is reachable at (415) 782-9000 x8657.

IT IS SO ORDERED.

Dated: 8/14/2013

CLAUDIA WILKEN
United States District Judge

---

[1] Although ATU, Local 192, has not joined either of the motions to dismiss filed by its co-Defendants, the claims against it are also dismissed for failure to state a claim. See Silverton v. U.S. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.").

4