**United States District Court**
For the Northern District of California

1

2

3

4                    IN THE UNITED STATES DISTRICT COURT

5              FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7    THINA FAISON, ERNEST STRANGE,              No. C 13-2646 CW
     JR., EDITH JOHNSON, JAMES J.
     WALKER, PATRICE A. THOMPSON, and           ORDER GRANTING
8    ELINOR PARKS,                              MOTIONS TO DISMISS
                                                (Docket Nos. 11,
9              Plaintiffs,                       12)

10        v.

11   FRIENDLY TRANSPORTATION, INC., et
     al.,
12
               Defendants.
13   _____/

14
          Plaintiffs Thina Faison, Ernest Strange, Edith Johnson, James

15   Walker, Patrice Thompson, and Elinor Parks, proceeding pro se,

16   bring this action against Defendants Friendly Transportation,

17   Inc., Amalgamated Transit Union (ATU), Local 192, and Veolia

18   Transportation Services, Inc.  Friendly and Veolia move to dismiss

19   the complaint for failure to state a claim.  Plaintiffs have not

20   filed an opposition.  After considering Defendants' submissions

21   and Plaintiffs' complaint, the Court finds this matter suitable

22   for decision without oral argument and now grants both motions.

23                           LEGAL STANDARD

24        A complaint must contain a "short and plain statement of the

25   claim showing that the pleader is entitled to relief."  Fed. R.

26   Civ. P. 8(a).  On a motion under Rule 12(b)(6) for failure to

27   state a claim, dismissal is appropriate only when the complaint

28

United States District Court
For the Northern District of California

1  does not give the defendant fair notice of a legally cognizable

2  claim and the grounds on which it rests.  Bell Atl. Corp. v.

3  Twombly, 550 U.S. 544, 555 (2007).  In considering whether the

4  complaint is sufficient to state a claim, the court will take all

5  material allegations as true and construe them in the light most

6  favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d

7  896, 898 (9th Cir. 1986).  However, this principle is inapplicable

8  to legal conclusions; "threadbare recitals of the elements of a

9  cause of action, supported by mere conclusory statements," are not

10  taken as true.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

11  (citing Twombly, 550 U.S. at 555).

12       When granting a motion to dismiss, the court is generally

13  required to grant the plaintiff leave to amend, even if no request

14  to amend the pleading was made, unless amendment would be futile.

15  Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911

16  F.2d 242, 246-47 (9th Cir. 1990).  In determining whether

17  amendment would be futile, the court examines whether the

18  complaint could be amended to cure the defect requiring dismissal

19  "without contradicting any of the allegations of [the] original

20  complaint."  Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th

21  Cir. 1990).  A pro se plaintiff is entitled to a liberal amendment

22  policy.  Eldridge v. Block, 832 F.2d 1132, 1135-37 (9th Cir.

23  1987).

24                            DISCUSSION

25       Plaintiffs' complaint is poorly organized and contains few

26  factual allegations.  It begins by listing various duties that

27  unions purportedly owe to their members under state and federal

28  law but fails to allege that Plaintiffs themselves belong to any

**United States District Court**
For the Northern District of California

1 | union, let alone a union that has breached one of these duties.

2 | Docket No. 1, Compl. ¶¶ 1-2.  The only allegations that the

3 | complaint contains regarding Plaintiffs' possible membership in a

4 | union are largely unintelligible.  See, e.g., id. ¶ 2.b ("The

5 | situation of what all happened to us as of supposing to be in the

6 | union is overwhelming and the overview they know Deborah E.

7 | Johnson was the treasurer, who was assigned to this position to

8 | keep and maintain adequate records and send them to the

9 | international headquarters along with the names entered into

10 | enrollment from day one.").

11 | Although the complaint names ATU, Local 192, as a Defendant,

12 | it does not describe any specific actions that the union actually

13 | took against Plaintiffs or any other person.  Similarly, while

14 | Plaintiffs name Friendly and Veolia as Defendants, they have not

15 | alleged that they were employed by either company or that either

16 | company engaged in unlawful conduct.  As such, Plaintiffs have

17 | failed to explain how -- or even if -- they have been injured by

18 | Defendants.  Indeed, it remains unclear what Defendants are even

19 | alleged to have done here, other than participate in some

20 | unexplained "scheme to deceive staff."  Id. ¶ 2.k.

21 | Plaintiffs' complaint is therefore dismissed for failure to

22 | state a claim.  Plaintiffs may amend their complaint if they can

23 | truthfully allege specific facts showing how and when they were

24 | harmed by each Defendant.  The amended complaint must be

25 | sufficiently detailed and coherent to apprise each Defendant of

26 | the factual basis for Plaintiffs' claims against it.  Finally, the

27 | amended complaint must clearly identify which claims Plaintiffs

28 | are asserting against which Defendants.

CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss (Docket Nos. 11, 12) are GRANTED.[1]  Plaintiffs are granted leave to amend their complaint, as described above, within twenty-one days of this order.  If they fail to do so, this action will be dismissed for failure to prosecute.  Plaintiffs are encouraged to consult the Court's handbook for pro se litigants, available at http://www.cand.uscourts.gov/prosehandbook, before filing their amended complaint.  They are also encouraged to consult the Legal Help Center, located inside the San Francisco federal courthouse at 450 Golden Gate Avenue, for advice.  The Legal Help Center is reachable at (415) 782-9000 x8657.

IT IS SO ORDERED.

Dated:  8/14/2013

CLAUDIA WILKEN
United States District Judge

---

[1] Although ATU, Local 192, has not joined either of the motions to dismiss filed by its co-Defendants, the claims against it are also dismissed for failure to state a claim.  See Silverton v. U.S. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.").

**United States District Court**
For the Northern District of California